Arguing on behalf of the attorney is Mark C. Sherman. Arguing on behalf of the advocate is Ms. Megan A. Deschinski. Counsel. Thank you very much, Erwin. Counsel. It's my pleasure to address you this morning and to acknowledge that sometimes I have to stand before you and ask you to make tough decisions. Sometimes they're decisions that may have more than one impact. We're here this morning because Peak Investments asks you to overrule Judge Wheaton's decision not to expunge the redemption and to permit Douglas Dohlen to redeem after the statutory redemption period expired under the property tax case. It's obviously significant to consider the surrounding facts as well as where this case falls within the statutory provisions in the scheme. Because the property tax code, in many ways like a mortgage foreclosure case and other certain statutory cases that do provide for remedies that can be harsh. In this situation, the redemption request was made prior to the expiration of the statutory redemption period, which we believe is a distinction of the difference, and I'll mention that in a moment. Well, you're talking about a statutory period of redemption that was extended at your request, right? No. No, Your Honor. I represent Peak Investments, who had purchased the taxes. No, I understand that, but I mean it was extended prior to September 22nd. Yes, yes, yes. Absolutely. Absolutely. It was extended to September 22nd. Why did that happen? This is a situation where Mr. Dolan's had not paid the 2004 taxes due in 2005. The 05 taxes were not paid. The 06 taxes were not paid. The 07 taxes were not paid. All those taxes were posted by Peak Investments because they were not paid by the property owner. So you said they were what? Posted? Posted, yes. The tax purchaser has the opportunity to post for the sub-taxes, for the subsequent year's taxes. If the taxes become due at that moment, they are not paid. So Peak Investments has the opportunity to make sure that those don't then go to sale at a later date to some other purchaser of the taxes. So by post, what does that mean? What do they do? Oh, we pay them. I'm sorry. Yes, yes, we pay them. That's what I thought. That's what confused me. Yeah, no, and when a certificate of redemption or an estimate of redemption is made, they show what amounts have been paid and what needs to be paid off by the property owner to redeem. So we have a situation here where Douglas Dolan comes in and there's nothing in the record that indicates that he could not give notice to Peak Investments. He didn't know where to find us or didn't know how to communicate with us. In fact, he knew what case was there and had received take notices on multiple occasions from the sheriff, from the county clerk, and he knew if he had an opportunity to look at the file, which perhaps he did, that in fact, an address for counsel and a phone number... Does the trial court have the authority? Does the text, the fellow losing his house, have a right to get it extended? Or is that right to extend is limited to your side? As we've identified, it used to be under the statutory scheme that the property owner had the right to come in and for limited purposes ask for an extension of the redemption period. The amendments that were made years ago by the legislature completely took that out of the code. Now the only persons who can come in are the taxi purchaser. We can come in and ask for an extension of that time. Which you did in this case. Which we did. I believe it was five months ago. I think the original date would have been in April or May of 2008. We asked that it be extended to September 22nd. And the notices that were sent to Mr. Dolan identified the additional time period, the actual... All I want to do is clarify, and I interrupted you. You were going on explaining that there was no valid reason that he couldn't have given your side notice and you could have objected and maybe gone to the... But the basic... None of that really... Your primary argument would be that doesn't matter anyway. Because even if he had all the notice in the world, it wouldn't matter. Justice O'Malley, that's exactly what I'm saying. That's why in this situation where a property owner is coming in prior to the expiration of the redemption period, seeking a court's authority to extend that period, we believe the legislature has said and has indicated very, very clearly, no. They don't have the opportunity... So you're saying that they can't, the court can't grant the extension as a matter of law. And your argument has appealed as a matter of statutory construction because you're saying under the previous statute, as I understand it, the property owner was allowed to redeem. Correct. To extend the period of redemption. Exactly. The law then got changed. But that would still have to be on notice to the other side. Well, the notice issue here was the coming into court, asking Judge Wheaton to do something on an emergency basis with no written filing, with no notice, no affidavit of service, no explanation of an attempt. Local Rule 6.08 is clear in terms of what it says that petitioner, that emergency motion move-on needs to be doing to try to either show that judge that they made an effort or to demonstrate that in fact they've done that and the individual that they've served notice upon is not there. But as was alluded to earlier, in a sense, that becomes a legal red herring because even had that been done a day late, it wouldn't matter if all the proper notice was given in the world. Exactly. You're saying as a matter of clear statutory construction, as a matter of law, the court cannot extend under statutory principles the period of redemption. Here's the question I have, though. Sure. The court here believed it was sitting as a court of equity, having equitable powers. And I'm sure that's what they need to argue. So can't the court sitting as a court of equity use its equitable powers to extend the period? And if not, why not? There's several issues that come into play when we look at that question. Number one, we're obviously not arguing that each court inherently has some equitable power. In situations like this, where the legislature has clearly indicated that its determination is not to extend the redemption period provided by the statute, we believe that that, first and foremost, sends the message, even though this is a tough call, the legislature has made that determination and the courts, the expectation is the courts will follow that. Are there circumstances where it may be appropriate to exercise equitable powers? And this comes into play in the second aspect of this question. Perhaps. We're not in this case, though, dealing with that kind of a circumstance. For example, look at Hawkeye. The Hawkeye case, which we've cited and which counsel has cited, talks about a situation where the individual got specific direction, bad advice from the clerk. Clearly, the individual made the effort to reach out and to speak to the people who would have knowledge or direct them to knowledge. That person has access to the court and an opportunity and is misled through no fault of their own. Is that correct? Well, there's two issues. Number one, Hawkeye deals with the post-period. The redemption period has now expired and is coming in afterwards. So there isn't as clear a mandate from the legislature as there is in our situation where the legislature has said, in principle, we used to allow this. We will not allow this any longer. The only person who can extend the redemption period is the individual. After the statutory change. And the case that we cited, the Z financial case, which follows up on that, talks about that and refers to it. In that situation, here's a man who couldn't pay 22 or didn't pay $22.68 of the amount, and the court had to make the tough choice. But the court recognized that certain instances require that the court's equitable powers are restricted. And I appreciate your candor and your integrity in bringing those holdings forward. But you would then have to concede that it isn't a matter of law and circumstances. There are some compelling circumstances to ignore the language of the statute. Or at least find an exception to the plain language of the statute. You'd have to concede that at least in those cases, in those limited circumstances, the appellate court allowed that to happen, did they not? Yes. And let me amplify that. Because Your Honor, I believe, has asked me in some respects for my own personal opinion as to how this is appropriate. I would appreciate the opportunity. For example, what if my client were to have made some representation to Mr. Dolenz or had done something to mislead him and thereby send him off on a different path? He couldn't get to the courthouse in time to redeem, and therefore, equity should step in because there's a circumstance. What if there was a situation in which Mr. Dolenz had come to Judge Wheaton and said, something happened that was so unique, maybe it's close to the clerk giving bad advice. There's very, very difficult lines that have to be drawn. Equity, I think, in certain circumstances, must step in to cure a wrong. I don't believe that in this case, we're dealing with those circumstances. I think it is more appropriate to announce because of the circumstances here. And one more thing. We're sitting here with a situation where Mr. Dolenz isn't here. He never appeared on the motion that we filed to expunge redemption. After not getting any notice at all, whatsoever, and there's no opportunity to really know what happened or what he ever even told Judge Wheaton. Then, Judge Wheaton hears the matter following that, and Mr. Dolenz doesn't appear. He doesn't answer. He has no appearance in this court. There's been no effort by Mr. Dolenz to say, this is what I could have done, these are the reasons and circumstances and so forth. So we're even one step further removed from being able to say, this is that kind of a case where equity should step in, and even in spite of a legal, a proper legal application. So you're recognizing there are some compelling circumstances, if you were, where the case law seems to allow it under limited circumstances. You're saying this is not that type of a case because also there's no reasons really given in the record of the other side misleading him or something other than the mere fact he didn't have the money on time. And that, you're saying, doesn't seem to be an exception under the case law. Correct. And one further step, and that is, how do we determine which are the appropriate cases? What direction do you give to the trial court to determine, is it a request for a 24-hour extension? Is it a request for a 24-hour extension coupled with something else? Well, then what about a two-day extension? What about a five-day extension? What about a 10-day extension? Extension, pardon me. Does the court somehow insist that the application for an extension stay things so that notice can be given to the other side and an opportunity to appear before the court? So these are the tough choices, but they come before the court in this case, I think, in a slightly clearer package so that the court can make a determination that while equity may have to step in in harsh circumstances where there is a basis for the courts to literally trump what the legislature has said, even though I don't think that's necessarily the right answer, this is not that case and we can't announce that decision. This shouldn't be a question, Lord, that I should probably be asking opposing counsel, and I will, but is there any evidence in the record that we're curious about is why did Douglas not pay it on September 22nd? Is there any reason given that he not get the money? Why did he ask for the one day? I don't know. I don't know. He may have told, yes, Your Honor, there's an indication and it comes in through pleadings from not a verified source from Douglas. He may have told Judge Wheaton, I'm waiting for a wire transfer and that won't come in until tomorrow. We don't know why the request wasn't made or when the request was made or whether there was other monies that could have been used. We don't know any of those facts. This is a hard situation in the principle. A property owner may be divested of his property. What did you mean when you said that he didn't appear after that in front of Judge Wheaton and he's not appeared here? The appearance of counsel was for the Dublin Trust. And he never appeared, never answered, never filed any papers at all in the motion that was filed to expunge that redemption by my client, by Peak Investments.  Yes, that's the only, that's the only party, if you will, that did come forward. The trust didn't redeem. The trust didn't access the mortgage. My father reminds me of the trust with the mortgagee, which is a fact that we know and it's spread of record. I'm sorry to catch the distinction, but you're saying it's somehow significant that somebody named Bill personally didn't do something, whereas the trust did. And the trust did. What's the distinction here? The, the, the, once we became aware and went back to Judge Wheaton and said, Judge Wheaton, we believe the redemption was improper. And we believe you should not have extended the redemption period. That was obviously by motion. We served everyone. We served Dolan. We served the mortgage company and so forth. All those of record. Who was a trustee of the trust? Gloria Dolan, I believe, is the name. I'm sorry. Wasn't he a trustee of the trust as well? I don't believe so. Douglas? I, I think that, that, um. Just Gloria? Gloria is the trustee. See, Douglas and his wife, I know I'm out of time, but I'll finish this thought. Douglas and his wife had purchased the property, I believe it was in 04. It may have been in early 05. I don't have that in my, in my brain at the moment, but had purchased it from the mother. Mother took back a mortgage. That's how the trust comes into play. But it was the trust who appeared on the subsequent motion. It's the trust that's appeared here. Mr. Dolan saw fit, had seen fit, not to appear any time subsequent to the redemption and his request of Judge Wheaton that first day in September 22, 2008. One final question, counsel. What's the standard of review of the trial judge's decision here? I think that this is a de novo review. Because it's a legal issue. Yes. Couldn't it be reviewed under, reviewed under an abuse of discretion standard? Given the mix of issues here, it's possible to do, to suggest that. I'll be frank with you. I think a de novo standard is more appropriate, but I think it would be appropriate if this court believed that it is an abuse of discretion standard to apply. Thank you, counsel. Ms. Dolan, you have a term in rebuttal. Good morning, Your Honors. May it please the court, counsel. I'm standing before you today to ask that you affirm Judge Wheaton's lower court ruling in granting Mr. Dolan an one-day extension to redeem his property. Tell me whether the trial court had authority to extend the period of redemption beyond the statutory timeframe the counsel is talking about in reliance upon the general principles of equity. Your Honor, I think that the trial court absolutely had that authority. Counsel has made arguments that what Judge Wheaton did was in contravention of a particular statute. The statute that governs this case is completely silent as to this issue. So I don't think that she did anything in contravention of this statute. It's silent. She acknowledges that in her ruling. So I think what we have to do is look at the larger statute governing tax deed petitions and relevant legislative history and relevant case law to answer that silence. So then answer that. If she had the ability to apply her equitable authority based upon what? Where does that come from? Well, I think there's a couple different areas that we need to look at. The first is if you look at Section 2245, which governs vacating a tax deed after it's been issued, there are provisions in there that allow for vacating a tax deed when a tax or, excuse me, when a homeowner has not properly redeemed based on some error of a county clerk. That was put in there. Yeah, a clerical error. Yeah, that's right. They talked about it in the hot guys case. Yes. Do we have that here? We do not have that here. But my perspective and my point on that is we have it in one section. We don't have it in another. But if you look at the distinctions between these particular sections, I think it's very important. When you look at public policies underlying tax deed buyers and tax deed petitions, there's two competing policies, one favoring redemption and one concerning itself with the marginability of tax deeds. My argument is that if the legislature saw fit in the 1990s to allow for vacating a tax deed under certain circumstances where a clerk has made an error and we do have to worry ourselves at that point with the marginability of a tax deed, why is it that before a marginability of a tax deed is even an issue that a court can't exercise its equitable powers? And my answer is it can. If the legislature put an exception in there, why wouldn't they have put other exceptions in there? Because I don't think that they've had case law that has necessitated them to do that. Well, counsel makes an argument that I think you need to address, and it seems that I'm first blushed to be a very compelling argument. At one point, as I understand it, under a previous statute, the property owner clearly had the right to extend the period of redemption, correct? That's correct, Your Honor. It got amended, and that right was taken away in the statute. That is correct. Under principles of the statute, can't a very strong legal as well as logical argument be made that the legislature must have intended to remove that from the ability of the homeowner to do that? Otherwise, why did they take it out? At first blush, Your Honor, I would acknowledge that it could seem like that, but if you look at the legislative history and you look at the overall changes that were made by that removal, I think it suggests just the opposite. The former provision allowed a homeowner to go in at the first court hearing and ask for 30 days of additional redemption time. They took that out. The legislature then expanded the overall redemption time by approximately six months. And if you look at the legislative history that surrounds those changes, it's very clear that the legislature had grave concerns about homeowners losing their homes and lifetime investments therein to tax deed buyers. So I don't think when you get a little more information and when you dig a little deeper that that is the logical or necessary conclusion. I didn't understand that. The legislature, what they did is they took away the 30-day extension that property owners had the right. Correct. They extended it to six months, arguably because the banks were tired of being drawn in every 30 days for a continuance, and they said, okay, we're going to give a six-month period. Everybody is on notice this is the six-month period. And so then you say the intent was clearly to discourage tax purchases? I don't have one for that. Okay, I guess I need to clarify. There was a provision, and it allowed for the homeowner to go in one time at the first court appearance. That was the only time. If they didn't do it then, they lost their right. And there's case law that affirms that. So they were allowed to go in at the first court appearance and ask for an additional 30 days. That was it. It wasn't a circumstance wherein they could keep going back and keep going back and keep going back, getting additional extensions. The legislature removed that provision, but when they did it, they made more sweeping and more broad changes. They extended the period of redemption by an additional six months. And if you look at the legislative discussion about that, they were concerned with homeowners losing their rights, losing their homes to tax deed buyers. So I think when you look at it from a little bit different perspective, it doesn't support the conclusion that what they were doing was trying to take away any rights a homeowner had. No, I agree with you. But don't you think that by giving the six months, they were really giving much more leeway to the homeowner and saying, Here, we're giving you a lot more time, giving you a big longer redemption date? And isn't it true that oftentimes homeowners do go into extended redemption, but oftentimes, especially in today's economy, the banks agree and give them a little more time? I would agree that it does give them more time, but I would argue that by giving them more time, that indicates a legislature that would be supportive of courts granting equitable relief in these circumstances. Would it have an agreement by both sides? Well, it's not really an agreement by both sides. The tax deed buyer extends it of their own accord. It doesn't necessarily have to do with any types of conversations or any interaction at all with the homeowner. But how about in this case where the tax, where your client or Ms. Douglas goes in without notice to the other side? Correct. After not on a hearing, not at a time when the case is set, for all I know from reading the record, I couldn't even tell she was having a mortgage foreclosure court call at that time, and then she gives them an extension. So how is that equitable to the other side? Well, cases dealing with circumstances where notice is not properly given indicate that the test is whether the order should be voided. It's a voidable order. It's not a void order. So the standard is actual harm and prejudice to the other side. And as I point out in my brief, Peek had the opportunity to make its arguments to Judge Wheaton. Though it was after the fact, they still had the opportunity to argue everything that they wanted to say to her, and she still affirmed her ruling saying, I think I have the authority to do this, and I think the circumstances warrant it. When all is said and done, I think this is boiling down to one issue. I'll be very candid. The opposing counsel has acknowledged case law that has allowed for the extension of the redemption period under limited circumstances. Why is this the case to allow the law to be applied? What is the compelling reason here other than Mr. Dolan didn't have the money? And that doesn't seem to be a compelling legal reason. He cited cases, you know, you could almost argue, you know, if you have a case where the clerk has bad advice, there's some kind of unclean hands by the other side that misleads the property owner. There doesn't seem to be anything in here other than the money was not tendered on the 22nd. So what it comes down to is give me the compelling reason why this case should be the exception to the rule, and obviously it would have to be the exception to the rule. Well, you're exactly right, Your Honor. There's nothing in the record supporting an error or really discussing any type of compelling error other than what Judge Wheaton said after the fact, which was, my recollection is that he came in and said he had the money coming tomorrow. She said, I think under equitable circumstances, I'm going to give him an extra day. Couldn't the court always do that, find that the property owner legitimately didn't have the money? I guess the argument would be, at what point is the court supposed to cut this off? And more pointedly, the question is, is the absence of money sufficient in and of itself to compel an extension? I think that the court has to or would have to, in circumstances going forward, exercise their discretion like they do every day. Does the statute allow the court to exercise their discretion? I argue it does because of its silence, because of related statutes, meaning 2245, because of case law and because of the legislative history. It doesn't prohibit it. It doesn't allow it. But I think if you look at the broader circumstances, yes, the court has equitable power to do what they did. And I think in this circumstance, Judge Wheaton made the determination, yes, I want to give this individual an extra day. He came in, he redeemed the next day. He relied on Judge Wheaton's ruling. And I think to now go back and say to him, that was a mistake, you should have known better, you shouldn't have relied on, the trial court's order is going to be inequitable. And I think that that's going to have some serious ramifications going forward. So maybe the circumstances didn't exist before, we don't know, because there's not a sufficient record. But I think given that he relied on the trial court, he went in, according to Judge Wheaton, he did the right thing by coming to court and asking for an additional day. He relied on the trial court. He redeemed the next day. He did what he said he was going to do. And to now say, you shouldn't have done that, the judge made a mistake, I think is inequitable and unfair. So what, I mean, by relying, he only relied on it if, in fact, if she turned him down at 3.30 in the afternoon, if he could have done something. I'm sorry, what's that, Your Honor? Are you saying that when you say he relied on her giving him the extension, he only relied if, in fact, there was something else he could have done at 3 o'clock in the afternoon. If she denied him the extension, he could have gone and paid it. That's correct, Your Honor. And we don't know what would have happened. And I know counsel has made much of the fact that Mr. Dolan hasn't appeared, but counsel could have had the opportunity to subpoena him and question him in the lower court and chose not to. And your point as to the harm to the other side of prejudice is that they were able to go before Judge Wheaton, even though, I mean, there's no argument they didn't get proper notice or anything, but they were able to go back before Judge Wheaton after the fact that they could have gotten the same relief. That's exactly right, Your Honor. They had the opportunity to make the arguments that they would have made beforehand had they had proper notice to Judge Wheaton after the fact. But perhaps if they were there with their strenuous objections, she may not have done what she did. You can argue that, can't you? You can, and certainly I can't speculate as to what would have happened, and I can't kind of get in Judge Wheaton's brain, for lack of a better term. But I think the fact... But you can get into Douglas' brain and think that's maybe why he didn't give them notice. Again, I can't speculate. I can say that if opposing counsel had wanted to direct those questions to Mr. Dolan, he had the opportunity to do so in the lower court. I can say that what Judge Wheaton did after the fact speaks to, I think, what she would have done before. All we can do is base our determination or our speculation onto what she would have done based on what she did do. Well, okay, but I was a little confused there by your answer to your last question. I thought your point was that when they came in after the fact, she could have given them everything that they could have argued for and obtained if they had gotten notice before the fact. She could have vacated the text, the order, yes. Right. So, okay, that was your point. And the fact that if they had gotten notice and came in and made an argument that persuaded her not to give the redemption or extend the redemption, your position of the effect would have been the same. I'm sorry, what's that? Your position is the effect would have been the same whether she did it... I think so, yes. ...on that afternoon at 3 o'clock or whether she did it the next week, whatever day it came in. Based on her statements that she made in finding that she had the equitable authority to do what she did and that the circumstances warranted it, I think her ruling would have been the same had they had notice, had they not had notice. Okay. Do you have anything else?  Thank you. Thank you, Your Honor. Thank you for your arguments. We borrow from the Peak Investments Council.  With regard to the arguments that the statute, the legislature has indicated that equitable discretion should be applied, is contrary to the trend of the case law. Apex v. Lowe most recently, the Supreme Court's decision indicating that in management regarding 2245 and so forth, in a situation where an individual is institutionalized in a mental hospital, for example, and I don't need to go into all the facts, but we're amply aware that the Supreme Court has now said equitable determinations are not a part of the statute, of the property tax code by virtue of the statute itself and the language and so on. Second of all, I'm sitting and I'm listening to counsel's argument and understanding how difficult a position that must be, and I'm wondering to myself several things. Let's call him John Doe. And he appears before Judge Whedon under the exact same circumstances as are here before you in this case. First picture is I don't have money. I may have it tomorrow. Second picture is I don't have it all, but I have most of it. Third picture is I had it, but I had to use it for fill in the blank. And you could come up with any number of scenarios which make it extremely difficult for a trial court in these kinds of circumstances. And then I wonder to myself, what will this court be addressing when those same types of individuals, and I admit that not in any way in any derogatory manner at all, it's emotional. It has to be. It can't otherwise be. Appear in the foreclosure case, in the Morgan foreclosure action, where there are specific and strict statutory determinations, statutory periods and so on. The legislature knew what it was doing, we have to assume, when they made the change. That's why I indicated I believe that the distinction of coming in prior to the end of the statutory redemption period versus making that argument before a court after the expiration of the statutory redemption period is important. The legislature knew how to tell us where it wanted the courts to exercise discretion, if in fact they wanted there to be some discretion. They say that in the mortgage foreclosure statute. It is in the language, I think I can't parrot it exactly, but you don't approve that sale after it's gone to sale unless if there's any determination that there's no just cause for entry. I've forgotten the exact language. But the legislature told us, examine the circumstances because if there's any game play, if there's any reason, equities should step in and not allow this to go to final sale so that the property owner would lose their home to the mortgage company. We want that as the backstop. I think the legislative intent in that portion that you discussed in the statute was more with respect to notice. I think it's not only just notice, but also I believe that the case law has talked about equitable types of remedies where there had been other reasons, either the misleading of an individual or something else where equity has to step in to temper a harsh result. Speaking of misleading, you described your three possible scenarios that John Doe could be with it. She kind of closed on a fourth one, which is that Mr. Dolan maybe had the money and relied on Judge Wheaton giving him an extension. Otherwise, he's got this, we don't know, but if he relied, that was the point I asked her. The only way he relied on her is if he had some other way to pay it. He could have paid it sooner, and he didn't because he was told by a judge as opposed to being told by the clerk you've got until tomorrow. The hard answer to that is, and the realistic answer to that is that we really don't know. The record, unfortunately, is bare. I said we don't know. What we do know is that he was given bad advice by a judge. I don't think advice is the right word, but he was told by a judge you have until tomorrow. If you're told by the clerk's office you have until tomorrow, that's a legitimate opportunity or situation for a court to exercise its equitable powers. If a litigant is told by the judge incorrectly that they have until tomorrow. I think if the judge made an improper determination that the statute allowed that type of an equitable remedy for reasons that were not apparent, that there was, in fact, a circumstance equity should step in to temper that harsh result, then I think this court needs to announce that the judge, so that other judges will know that the judge made the wrong decision, that the judge did not have the power. You're saying the judge should have, at that point you're not saying the judge necessarily made the wrong decision. The judge should have inquired more before granting the relief. That, again, would be probably, that's arguably the judge's fault. What about counsel? Two points counsel made is, one, when the change was made to the statute eliminating the right of the homeowner, that was made in connection with a wholesale bunch of other changes. And the other point was that she said that your clients had the right, in fact, did come in and ask Judge Wheaton to vacate her order and that that was provided the same opportunity to be heard as proper notice would have provided. We didn't have the opportunity at the time that Mr. Dolenz was coming into court to face Mr. Dolenz, to ask the questions and to deal with those issues. We didn't have the opportunity because he failed to give notice to anyone. No, but you had the opportunity after the fact to do those same things. But I believe that the opportunity to come in after the fact. See, it goes to exactly the issue you were just talking about. Shouldn't we be able to say that the judge made a decision perhaps wrong and he relied on it? Had he given notice? Had the judge had both parties before her and the opportunity for us not only to confront, but perhaps in addition, and I would have insisted that there would be a transcript. I would have gotten a court report. Sure, sure, yeah. Had the opportunity. No, but her point is you could have done all that the next week. No, I can't. Why not? Because by the time next week comes by, the redemption's been made. I don't know where Mr. Dolenz got that money or what he's done.  But I mean, I'm trying to clarify. She said that the judge, when you went in, you went before Judge Wheaton asking for something. What were you asking her to do? We were asking her to vacate her order, to expunge the redemption. And if she had done that, you would have been in the same situation you would have been if you had gotten notice the day earlier or two weeks earlier and had major persuasive arguments then. It would be that you would have gotten the same relief, the same, there wouldn't have been a redemption. Right, and that's why I believe that denying our request to expunge the redemption and to vacate her order, that she had appropriately granted that. No, but her point was the harm to you. You had the opportunity to go in the next week or whatever it was, and you weren't foreclosed because something had already happened. You went in and you were foreclosed the week before. But her point, and I'm trying to get your response to her point, is that the week later, whenever you did go before Judge Wheaton, the fact that something had occurred didn't stop Judge Wheaton from listening to your arguments, hearing whatever you wanted to have Mr. Dolan say or whatever, and getting the same result you would have gotten as you think you would have gotten had you received proclamation the first time. So her point was where's the harm and prejudice to you? And I think the answer to that is that there is a harm to a litigant who doesn't have the opportunity to come before the court at the time that the request is made to test the requested relief and so forth. After the fact, she says, well, they could have subpoenaed Dolan's. They could have done this and that and so forth. Now it's my client who, in spite of not having the notices that are required under the local rule and all the opportunities to come before Judge Wheaton before she announces her decision and before she makes a determination to make those arguments and to hopefully have the correct decision made, now my job as a litigant is to come in, spend the additional time, the money, the effort to try to unwind something that has already taken place. If the local rules provide the mechanism for litigants to be able to come in before the court and to announce that they need relief on an emergency basis and say you shall give notice, you shall do these things, and there's a list of four or five in the local rules that are there. We have to put them out on our pleading. They're there for a purpose. There's nothing here that counsel or her client or Mr. Dolan's, who isn't before you at this moment, has said about why they couldn't have given that notice. So in hindsight, it looks as though no harm no fault. But in reality, I think there is a harm. And I think whether you call that harm a dollar, $500, how do you measure? What you measure is by the virtue of the fact that we must assume that Mr. Dolan's could have given notice, that he could have said I'm going to be in this judge's chambers in an hour, in a day. I don't know when he knew he didn't have that money or that it wasn't going to be there. At that moment, we could have been with Judge Wheaton to explore the circumstances with the person making the request and under the circumstances. Counsel, no one disputes all that. I know. No one disputes all that. But the only point she's disputing is that a week later you could have done it and you could have got the same result. That's the dispute. So I understand. There's no one disputing what you're saying. She's saying a week later you could have done it. Mr. Sherman, sometimes it's easier to convince a trial court judge to follow the law than it is to convince them that they made the wrong decision. Yes, I agree. And when you have parties there. I have no doubt that's true. It's unfortunate truth. But you think the other purpose, and I'm out of time, but if you'll grant me just one moment. Sure. The other purpose for those kinds of statutes, in my understanding, is so that we have some sense, some semblance of an order, that there's procedures for reasons. Sure, we have, you know, why is there a ruling that, you know, 619.1 motions need to have each relief separately? We put various implements within the statutes to have structure, to have order, to allow litigants to understand what their obligations are, so that we don't have a flood of people coming in at the last minute and saying to a judge, it's no big deal. Well, you know what? It is a big deal. I respect the opportunity, and thank you so much for the time. And with respect to your order, and thank you to counsel as well. All right. Thank you both for your arguments.